JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} American General Financial Services, Inc. ("AGF") appeals the trial court's denial of AGF's motion to compel arbitration. AGF assigns the following error for our review:
 "I. The trial court erred in finding that Coleman's claim against American General was not subject to the arbitration provisions agreed to by the parties."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 Background History {¶ 3} Shelton Coleman entered into a $5,000 loan agreement with AGF. Coleman also signed a UCC-1 financing statement evidencing the collateral which secured his loan. Coleman paid his loan in full. However, AGF failed to file a termination of the financing statement prescribed by R.C. 1309.513. Pursuant to this provision, the termination statement must be filed within 30 days of the payment of the loan. Failure to timely file the statement triggers a $500 penalty.[1]
 {¶ 4} Coleman filed a class action complaint against AGF. Coleman sought to represent a class of persons who paid their loans with AGF in full, yet AGF failed to file a termination statement within 30 days. AGF answered the complaint and also filed a motion to compel arbitration.
 {¶ 5} The motion to compel arbitration was based on the arbitration provisions contained within the loan. The loan provided in bold and capital letters as follows: *Page 4 
 "TO OBTAIN THIS LOAN, YOU MUST AGREE TO A MANDATORY ARBITRATION PROVISION. BY SIGNING BELOW, YOU HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT, INCLUDING THE MANDATORY ARBITRATION PROVISIONS THAT PROVIDE, AMONG OTHER THINGS, THAT EITHER YOU OR THE LENDER MAY REQUIRE THAT CERTAIN DISPUTES BETWEEN YOU AND LENDER BE SUBMITTED TO BINDING ARBITRATION. [EMPHASIS ADDED.] IF YOU OR LENDER ELECTS TO USE ARBITRATION, BOTH YOU AND LENDER WILL HAVE WAIVED YOUR AND LENDER'S RIGHTS TO A TRIAL BY A JURY OR JUDGE, THE DISPUTE WILL BE DECIDED BY AN ARBITRATOR AND THE DECISION OF THE ARBITRATOR WILL BE FINAL. ARBITRATION WILL BE CONDUCTED PURSUANT TO THE RULES OF THE NATIONAL ARBITRATION FORUM."
 {¶ 6} The "Covered Claims" under the arbitration agreement included "any and all claims and disputes * * * that have arisen or may arise between: you and Lender, you and Lender's affiliates; or you and the employees, agents, officers or directors of Lender; or its affiliates." The provision specifically states that mandatory arbitration applies "even if your loan has been * * * paid in full * * *."
 {¶ 7} The agreement further clarifies that arbitration applies to all disputes between Coleman and AGF, stating that:
 "Covered Claims include, without limitation, all claims and disputes arising out of, in connection with, or relating to your loan from lender today * * * all documents, actions, or omissions relating to this or any previous loan * * * any claim or dispute based on the closing, servicing, collection, or enforcement of any transaction covered by the Arbitration Provisions; * * * any claim or dispute based on or arising under any federal or state statute or rule; * * *."
 {¶ 8} The trial court denied AGF's motion to compel arbitration, stating in its order as follows: *Page 5 
 "Defendant American General Financial Services Inc.'s 8/7/06 motion to compel arbitration, stay court processing and to dismiss class action claims is denied. The arbitration clause at issue has no effect on the cause of action arising after the completion of the contract. Accordingly, the motion to stay or to dismiss is denied as moot as the arbitration clause is no longer binding and plaintiff may proceed in seeking class certification."[2]
 Denial of Motion to Compel {¶ 9} In its sole assigned error, AGF contends the trial court erred in denying AGF's motion to compel. AGF contends Coleman's claim was covered by the arbitration agreement even though it concerned a claim that arose after the loan was paid and constituted a violation of a statute. We disagree.
 {¶ 10} In support of the trial court's judgment, Coleman contends that because the filing of the financing statement occurs after the loan is satisfied, the arbitration agreement attached to the loan document is moot. He cites to the Ohio Supreme Court case of Pinchot v. Charter OneBank, F.S.B[3] in support of this argument. In Pinchot, the Supreme Court held that the recording of a mortgage satisfaction is not an integral part of the lending process because it occurs after the debt is satisfied.
 {¶ 11} This court in Bluford v. Wells Fargo Fin. Ohio 1,Inc.[4] recently addressed whether a loan agreement governs the lender's duty to file a termination statement. In Bluford, the plaintiffs had paid off their mortgages, but Wells Fargo *Page 6 
had failed to file their mortgage satisfaction statements in a timely manner. This court, relying on the Supreme Court's decision inPinchot, held that the recording of the satisfaction of the mortgage is separate and independent from the mortgage document in which the arbitration agreement was contained. This court also rejected the same "but for" argument raised by AGF. That is, but for the loan document, there would be no obligation on the part of the bank to file the satisfaction of the loan document. We explained:
 "Wells Fargo relies on Fazio v. Lehman Bros., Inc. (6th Cir. 2003), 340 F.3d 386, for the proposition that, but for the loan agreement, Bluford would not now be seeking a remedy under R.C. 1309.513 and 1309.625. We hold that the decision in Fazio `functions as a tool to determine a key question of arbitrability — whether the parties agreed to arbitrate the question at issue. It prevents the absurdity of an arbitration clause barring a party to the agreement from litigating any matter against the other party, regardless of how unrelated to the subject of the agreement. It allows courts to make determinations of arbitrability based on the factual allegations in the complaint instead of on the legal theories presented. It also establishes that the existence of a contract between the parties does not mean that every dispute between the parties is arbitrable.' Acad. of Med. v. Aetna Health, Inc. (2006), 108 Ohio St.3d 185, 842 N.E.2d 488.
 "In this case, the loan agreement between Wells Fargo and Bluford was extinguished when the debt was paid in full. Despite the language in the arbitration agreement that it extends to disputes arising out of future dealings, we do not agree that it covers Bluford's claims under R.C. 1309.513 and 1309.625. Wells Fargo's statutory duty to file a termination statement is not related to the arbitration agreement that was part of the note and security agreement."[5]
 {¶ 12} Based on this court's ruling in Bluford, we conclude that the dispute between Coleman and AGF regarding the filing of the termination statement was not *Page 7 
subject to arbitration. We do not need to address the issue of whether the class action waiver was against public policy or whether the arbitration agreement was unconscionable because these issues are moot.[6] Accordingly, AGF's sole assigned error is overruled.
Judgment affirmed.
It is, therefore, considered that said appellee recover of said appellant their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 1309.625.
[2] Journal Entry, December 21, 2006.
[3] 99 Ohio St.3d 390, 2003-Ohio-4122.
[4] Cuyahoga App. No. 89491, 2008-Ohio-686.
[5] Id. at ¶¶ 28, 29.
[6] App.R. 12(A)(1)(c).
PATRICIA ANN BLACKMON, JUDGE
SEAN C. GALLAGHER, P.J., CONCURS; MELODY J. STEWART, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION)