**ALEXANDER, APPELLEE, *v.* WELLS FARGO FINANCIAL OHIO 1, INC.,**

**APPELLANT.**

**COLEMAN, APPELLEE, *v*. AMERICAN GENERAL FINANCIAL SERVICES, INC.,**

**APPELLANT.**

[Cite as *Alexander v. Wells Fargo Financial Ohio 1, Inc.,* **122 Ohio St.3d 341,**

**2009-Ohio-2962.**]

*Arbitration — Statutory claims of borrower for lender's delay in recording satisfaction of loan and discharge of mortgage — R.C. 5301.36 and 1309.625 — Penalty claim arises out of and relates to loan agreement — Borrower's claim for statutory penalty is thus arbitrable — Mandatory-arbitration agreement applies to penalty claim.*

(Nos. 2008-0905 and 2008-1009 — Submitted March 24, 2009 — Decided June 30, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 89277, 2008-Ohio-1402.

APPEAL from the Court of Appeals for Cuyahoga County,

No. 89311, 2008-Ohio-1403.

_____

**LANZINGER, J.**

{¶ 1} The question presented in these two cases, consolidated sua sponte, is whether statutory claims for delay in recording the satisfaction of loans and discharge of mortgages are governed by the arbitration agreements signed by the parties. Because we hold that the arbitration agreements apply to the parties' claims, we reverse.

## I. Case Background

### *A. Lillie Alexander*

**{¶ 2}** On December 5, 2000, appellee Lillie Alexander entered into a mortgage agreement with appellant Wells Fargo Financial Ohio 1, Inc. ("Wells Fargo") and signed an accompanying mandatory-arbitration agreement. Wells Fargo filed an entry of satisfaction of the mortgage on January 11, 2002.

**{¶ 3}** On May 2, 2006, Alexander filed a class action, alleging that on July 27, 2001, Alexander paid off the mortgage and that Wells Fargo failed to file the entry of satisfaction of the mortgage within the 90 days prescribed by R.C. 5301.36(A). The failure to timely file an entry of satisfaction of the mortgage triggers a $250 penalty. R.C. 5301.36(C). Wells Fargo filed a motion to compel arbitration, which the trial court granted.

**{¶ 4}** The Cuyahoga County Court of Appeals held that the arbitration agreement does not apply to this dispute and reversed. *Alexander v. Wells Fargo Financial Ohio 1, Inc.*, 8th Dist. No.89277, 2008-Ohio-1402.

*B. Shelton Coleman*

**{¶ 5}** On April 2, 2001, appellee Shelton Coleman entered into a loan agreement with appellant American General Financial Services, Inc. ("AGFS") and signed a UCC-1 financing statement evidencing the collateral that secured his loan. The loan agreement contained a mandatory-arbitration provision. In July 2003, Coleman repaid his loan in full.

**{¶ 6}** On June 16, 2006, Coleman filed a class action, alleging that AGFS failed to file a termination of the financing statement within the 30 days prescribed by R.C. 1309.513. According to R.C. 1309.625(E)(4), failure to timely file the statement triggers a $500 penalty. AGFS answered the complaint and also filed a motion to compel arbitration, which the trial court denied.

**{¶ 7}** The Cuyahoga County Court of Appeals affirmed the trial court's holding that Coleman's claim against AGFS was not subject to the arbitration agreement. *Coleman v. Am. Gen. Financial Servs.*, 8th Dist. No.89311, 2008-Ohio-1403.

2

**{¶ 8}** This court sua sponte consolidated the two cases for determination of whether the arbitration agreements apply to the parties' claims.

## II. Legal Analysis

**{¶ 9}** We first look at the language of the individual arbitration agreements to determine whether the parties agreed to arbitrate the disputed issue. We then use the standard articulated in *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, to determine whether the statutory causes of action are within the scope of the agreements.

### A. Alexander

**{¶ 10}** The issue between Alexander and Wells Fargo is whether they agreed to arbitrate the failure to timely file an entry of satisfaction of the mortgage.

**{¶ 11}** The agreement signed by Alexander states:

**{¶ 12}** "RIGHT TO ELECT TO ARBITRATE:  Any party covered by this Agreement may elect to have any claim, dispute or controversy ('Claim') of any kind (whether in contract, tort, or otherwise) arising out of or relating to your Loan Agreement, or any prior or future dealings between us, resolved by binding arbitration.  A Claim may include, but shall not be limited to, the issue of whether any particular Claim must be submitted to arbitration, or the facts and circumstances involved with your signing of this Agreement, or your willingness to abide by the terms of this Agreement or the validity of this Agreement."

**{¶ 13}** Wells Fargo stresses that Ohio has a strong presumption in favor of arbitration.  *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 500, 692 N.E.2d 574; *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859.  Wells Fargo also points out that the agreement covers any claim "arising out of or relating to" the mortgage.  We held in *Aetna Health*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, ¶ 18, that the phrase "any claim or

controversy arising out of the agreement" is the paradigm of a broad clause. The agreement must be enforced unless " ' "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." ' " Id. at ¶ 14, quoting *AT & T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648, quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 582-583, 80 S.Ct. 1347, 4 L.Ed.2d 1409.

**{¶ 14}** Alexander argues that since the mortgage was extinguished before the statutory duty to file the mortgage release arose, the claim does not arise out of or relate to the mortgage agreement. However, as the dissent noted in the court of appeals, "statutory duties cannot arise unless and until the loan agreements are extinguished by full payment of the note. In other words, the precise reason the court gives for finding that the claims are not subject to arbitration – namely full payment of the loan – is precisely what must happen before the claimed duties manifest." *Alexander v. Wells Fargo,* 8th Dist. No. 89277, 2008-Ohio-1402, ¶ 24 (Stewart, J., dissenting).

**{¶ 15}** Alexander's claim under R.C. 5301.36 arises out of and relates to the mortgage agreement. It stems from her initial signing of the mortgage. Her full payment of the note triggered the statutory duties that underlie her claim. To recover, she must prove that she paid off the loan and that the mortgage release was not timely filed.

**{¶ 16}** We therefore hold that the arbitration language demonstrates an agreement between Alexander and Wells Fargo to arbitrate the failure to timely file an entry of satisfaction of the mortgage.

*B. Coleman*

**{¶ 17}** For the same reasons articulated above, we hold that the arbitration language demonstrates an agreement between Coleman and AGFS to arbitrate the

4

failure to timely file a termination statement. The agreement signed by Coleman states:

**{¶ 18}** "Either you or Lender may require that certain disputes between you and Lender be submitted to binding arbitration."

**{¶ 19}** "Covered Claims include, without limitation, all claims and disputes arising out of, in connection with, or relating to your loan from Lender today * * *; all documents, actions, or omissions relating to this or any previous loan * * *; * * * any claim or dispute based on the closing, servicing, collection, or enforcement of any transaction covered by the Arbitration Provisions; * * * any claim or dispute based on or arising under any federal or state statute or rule * * *."

**{¶ 20}** The agreement specifically states that mandatory arbitration applies "even if your loan has been * * * paid in full."

**{¶ 21}** The language in this arbitration agreement is even stronger than the language in Alexander's. In addition to the requirement that claims arise out of or relate to the loan, the agreement mentions claims that "arise under any federal or state statute or rule" and that arbitration applies even if the loan has been repaid in full.

**{¶ 22}** We therefore hold that the arbitration language signed by Coleman demonstrates an agreement between Coleman and AGF to arbitrate the failure to timely file a termination statement.

### C. The Aetna Standard

**{¶ 23}** Our holding comports with the standard articulated in *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488. In that case, we held that Ohio courts may determine whether a cause of action is within the scope of an arbitration agreement based on the federal standard found in *Fazio v. Lehman Bros., Inc.* (C.A.6, 2003), 340 F.3d 386.

**{¶ 24}** *Fazio* held that "[a] proper method of analysis here is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Fazio*, 340 F.3d at 395. Later in that paragraph, *Fazio* continued: "Even real torts can be covered by arbitration clauses '[i]f the allegations underlying the claims "touch matters" covered by the [agreement].' *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir.1987)." (Brackets sic.) *Fazio,* id.

**{¶ 25}** The *Aetna* standard asks whether an action can be maintained without reference to the contract or relationship at issue. We hold that neither Alexander's action for failure to timely file an entry of satisfaction of the mortgage nor Coleman's action for failure to timely file a termination statement can be maintained without reference to the contract or relationship at issue.

**{¶ 26}** Alexander's cause of action requires her to demonstrate that the mortgage agreement was entered into and satisfied and that the statement of satisfaction was not timely filed under R.C. 5301.36. Those elements require reference both to the mortgage and the mortgagor/mortgagee relationship between the parties and to the statutory duties that govern them.

**{¶ 27}** Alexander argues that the action can be maintained without reference to the contract or relationship at issue because proving a violation of the statute requires only a showing of the date the mortgage was satisfied and the date the release was recorded. We disagree. To establish the date on which the mortgage was satisfied, Alexander must first demonstrate the existence of the mortgage itself. Indeed, a showing of satisfaction of the mortgage requires identifying the mortgagor/mortgagee relationship of the parties to the action.

**{¶ 28}** Similarly, Coleman's action requires him to demonstrate that the loan agreement was entered into between himself and AGFS, that the loan was terminated by payment in full, and that the termination statement was not timely

filed under R.C. 1309.513. Those elements require reference to both the loan agreement and the statutory duties that attend the lender/borrower relationship.

### D. The Eighth District's Analysis

{¶ 29} The court of appeals based its holdings in the instant cases on *Pinchot v. Charter One Bank, F.S.B.*, 99 Ohio St.3d 390, 2003-Ohio-4122, 792 N.E.2d 1105. *Alexander v. Wells Fargo,* 8th Dist. No.89277, 2008-Ohio-1402, ¶ 15; *Coleman v. Am. Gen. Fin. Servs.,* 8th Dist. No. 89311, 2008-Ohio-1403, ¶ 11. In *Pinchot*, we held that the recording of a mortgage satisfaction or real estate lien release is not an integral part of the lending process because it occurs after the debt is satisfied. Id. at ¶ 46. However, whether the recording is an integral part of the lending process is not the standard. *Aetna Health* asks whether the cause of action can be maintained without reference to the contract or relationship at issue. Regardless of whether the recording of a mortgage satisfaction or finance-termination statement is an integral part of the process, the cause of action may still be related to the relationship that was created when the instrument was signed.

{¶ 30} We also note that *Pinchot* concerned whether a federal regulation preempted a state statute governing mortgage-satisfaction recording requirements. Id., syllabus. However, there is a presumption against federal preemption, *Medtronic, Inc. v. Lohr* (1996), 518 U.S. 470, 485, 116 S.Ct. 2240, 135 L.Ed.2d 700, while there is a presumption in favor of arbitration, *ABM Farms*, 81 Ohio St.3d at 500, 692 N.E.2d 574. The preemption analysis employed in *Pinchot* does not apply to the question of arbitrability.

{¶ 31} Thus, the Eighth District's use of *Pinchot* is misplaced. The standard articulated in *Aetna Health* must be used to determine whether the arbitration agreements signed by Alexander and Coleman cover their claims.

### III. Dispositions

**{¶ 32}** The judgments in both cases must be reversed. The trial court in Coleman's case, No. 2008-1009, found that the arbitration agreement did not apply to the cause of action, and therefore did not rule on whether the agreement was unconscionable or void as against public policy. Although the trial court in Alexander's case, No. 2008-0905, found that the agreement was not unconscionable, the court of appeals, in reversing, did not address that issue. Accordingly, case No. 2008-1009 (Coleman) is remanded to the trial court and case No. 2008-0905 (Alexander) to the court of appeals for further determinations.

Judgments reversed

and causes remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER, J., dissents.

––––––––––––––––––

**PFEIFER, J., dissenting.**

**{¶ 33}** In *Pinchot v. Charter One Bank, F.S.B*., 99 Ohio St.3d 390, 2003-Ohio-4122, 792 N.E.2d 1105, ¶ 46, this court stated, "The recording of a mortgage satisfaction or real estate lien release is not an integral part of the lending process, as it occurs after the debt is satisfied and the extension of credit is extinguished. Such a recording requirement cannot even begin until the mortgage has already been terminated." This statement, which is as applicable to consumer loans as to real estate liens and mortgages, resolves the issue before us. The mortgage relationship between Lillie Alexander and Wells Fargo Financial Ohio 1, Inc., and the consumer-loan relationship between Shelton Coleman and American General Financial Services, Inc. ended when the loans were repaid in full. Accordingly, the question of whether Wells Fargo and American General satisfied their statutory obligations to file statements of termination under R.C.

5301.36(B) and 1309.513, respectively, is not subject to arbitration because it does not arise out of or relate to the loan agreements.

{¶ 34} As a practical matter, the remedies provided in R.C. 5301.36(C) and 1309.625(E)(4) are meaningless if plaintiffs are forced into arbitration. The amounts involved are too small to allow plaintiffs to engage counsel, if they cannot pursue a class action.

{¶ 35} I dissent.

_____

Dworken & Bernstein Co., L.P.A., and Patrick J. Perroti; and Brian Ruschel, for appellee in case No. 2008-0905.

Thompson Hine, L.L.P., William C. Wilkinson, Scott A. King, Chad D. Cooper, and Terry W. Posey Jr., for appellant in case No. 2008-0905.

Brian Ruschel, for appellee in case No. 2008-1009.

McGlinchey Stafford, P.L.L.C., Barbara Friedman Yaksic, Richard A. Freshwater, and Monica Levine Lacks, for appellant in case No. 2008-1009.

Ballard Spahr Andrews & Ingersoll, L.L.P., Alan S. Kaplinsky, and Mark J. Levin; and McLaughlin & McCaffrey, L.L.P., Patrick M. McLaughlin, and Adrienne B. Kirshner, urging reversal for amici curiae American Financial Services Association and Consumer Bankers Association.

Thompson Hine, L.L.P., Kip T. Bollin, and James L. DeFeo, urging reversal for amicus curiae CitiFinancial, Inc.

_____