VANYO, Appellee,

v.

CITIFINANCIAL, INC., et al., Appellants.

[Cite as *Vanyo v. Citifinancial, Inc.*, 183 Ohio App.3d 612, 2009-Ohio-3905.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91257.

Decided Aug. 6, 2009.

Dworken & Bernstein Co., L.P.A., Patrick J. Perotti, and Nicole T. Fiorelli, for appellee.

Thompson Hine, L.L.P., Stacey A. Greenwell, and Kip T. Bollin, for appellants.

COLLEEN CONWAY COONEY, Administrative Judge.

{¶ 1} Defendants–appellants, Citigroup, Inc., and Citifinancial, Inc. (collectively "Citi"), appeal the trial court's denial of their motion to compel arbitration. Finding merit to the appeal, we reverse and remand.

{¶ 2} In October 2006, William Vanyo brought a class action against Citi, claiming that it had violated R.C. 1309.513 by failing to file timely termination statements after Vanyo and others paid off secured loans from Citi. Citi moved to compel arbitration. It claimed that the loan agreement bound Vanyo to arbitrate all claims arising from the lending relationship. The trial court denied Citi's motion.

{¶ 3} Citi now appeals. In its sole assignment of error, Citi claims that the trial court erred in denying its motion.

{¶ 4} R.C. 1309.513 provides:

A secured party shall cause the secured party of record for a financing statement to file a termination statement for the financing statement if the financing statement covers consumer goods[,] and [t]here is no obligation secured by the collateral covered by the financing statement, and no commitment to make an advance, incur an obligation, or otherwise give value.

{¶ 5} The secured party must accomplish this within one month after the borrower meets its loan obligations and the secured party's interest in the collateral is extinguished. R.C. 1309.513(B)(1). A secured party that fails to timely file the termination statement is liable for a $500 penalty. R.C. 1309.625.

{¶ 6} Vanyo claimed that the following events form the basis of his complaint. On October 7, 2002, Vanyo and Citifinancial, Inc., executed a Note and Security Agreement ("agreement"), in which Citifinancial agreed to lend Vanyo the principal amount of $2,472.27 to cover consumer-goods purchases, and Vanyo agreed to repay the principal and interest. Citifinancial filed a UCC financing statement in an attempt to perfect that interest. Vanyo then fully repaid the loan on April 26, 2006. Citifinancial, however, failed to file a termination statement within 30 days after the loan was repaid.

{¶ 7} Vanyo brought a class-action lawsuit against Citi alleging that it had violated R.C. 1309.513. He also sought $500 for each failure to timely file a termination statement. Citi claimed that the agreement bound Vanyo to arbitrate this claim and that the agreement precluded class actions. Vanyo countered that the agreement did not cover his statutory claims under R.C. 1309.513 and 1309.625. He maintained that R.C. 1309.513 obligated Citi to file the

financing statement after the loan was satisfied. Because the lending transaction had terminated, the arbitration provision no longer had legal effect.

{¶ 8} The agreement contained the following provision:

Notice of Arbitration Provision

This arbitration provision provides that all disputes between borrower and lender, except those specified below, will be resolved by mandatory, binding arbitration. You thus give up your right to go to court to assert or defend your rights (except for matters that are excluded from arbitration as specified below). Your rights will be determined by a neutral arbitrator and not a judge or jury. You are entitled to a fair hearing but the arbitration procedures are simpler and more limited than rules applicable in court.

In consideration of Lender making the extension of credit described above and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by both parties, You and We agree that either You or We have an absolute right to demand that any Claim be submitted to an arbitrator in accordance with this Arbitration Provision. If either You or We file a lawsuit, counterclaim or other action in court, the other party has the absolute right to demand arbitration following the filing of such action. * * *

"Claim" means any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us. A Claim includes, without limitation, anything related to:

This Provision, its enforceability, and the arbitrability of any Claim pursuant to this Provision, including but not limited to the scope of this Provision and any defenses to enforcement of this Provision;

Any credit transaction; * * *

Any federal or state statute or regulation, or any alleged violation thereof, including without limitation insurance, usury, and lending laws;

Any party's execution of this provision and/or willingness to be bound by its terms and provisions; or

Any dispute about closing, servicing, collecting, or enforcing a Credit Transaction.

{¶ 9} Based on the Ohio Supreme Court's recent holding in *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, 122 Ohio St.3d 341, 2009-Ohio-2962, 911 N.E.2d 286, we must conclude that the arbitration clause covers Vanyo's claim.

{¶ 10} In *Alexander*, the Supreme Court considered an arbitration clause in a secured-loan agreement to determine whether it covered claims under R.C.

1309.513 and 1309.625.[1] It first examined language of the arbitration agreement to determine whether the parties had agreed to arbitrate the claim. It then explained that its holding complied with *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, which provided an analytical framework that courts should use to determine whether an arbitration clause covers a particular dispute.

{¶ 11} The *Alexander* court observed that the arbitration clause in question covered "all claims and disputes arising out of, in connection with, or relating to" the loan. The clause also stated that mandatory arbitration applied to any claims that "arise under any federal or state statute or rule" and "even if [the] loan has been * * * paid in full."

{¶ 12} After evaluating this language in the arbitration clause, the Supreme Court concluded that it covered the plaintiff's claims under R.C. 1309.513 and 1309.625. The court declared:

> Our holding comports with the standard articulated in *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488. In that case, we held that Ohio courts may determine whether a cause of action is within the scope of an arbitration agreement based on the federal standard found in *Fazio v. Lehman Bros., Inc.* (C.A.6, 2003), 340 F.3d 386.
>
> *Fazio* held that "[a] proper method of analysis here is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Fazio*, 340 F.3d at 395. Later in that paragraph, *Fazio* continued: "Even real torts can be covered by arbitration clauses '[i]f the allegations underlying the claims "touch matters" covered by the [agreement].' *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir.1987)." (Brackets sic.) *Fazio*, id.
>
> The *Aetna* standard asks whether an action can be maintained without reference to the contract or relationship at issue. We hold that neither Alexander's action for failure to timely file an entry of satisfaction of the mortgage nor Coleman's action for failure to timely file a termination statement can be maintained without reference to the contract or relationship at issue.

*Alexander* at ¶ 23–25.

{¶ 13} Thus, the court held that the arbitration clause covered the plaintiff's statutory claims.

---

1. *Alexander* reversed two cases, *Coleman v. Am. Gen. Fin. Servs.*, Cuyahoga App. No. 89311, 2008-Ohio-1403, 2008 WL 803039, and *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, Cuyahoga App. No. 89277, 2008-Ohio-1402, 2008 WL 803044. The latter case involved R.C. 5301.36, which requires mortgage lenders to file an entry of satisfaction within 90 days after a mortgage loan is paid in full. We focus on the court's analysis in *Coleman*, however, as that case involved R.C. 1309.513 and 1309.625 and a secured-loan agreement similar to Vanyo's.

{¶ 14} Applying the *Aetna* standard, we conclude that Citi's arbitration clause covers Vanyo's claim. To prove that Citi violated R.C. 1309.513, Vanyo would have to refer to the agreement. Without it, a court would not know that the parties had a contractual relationship or that Citi retained a security interest in Vanyo's goods. It would not know the amount of the loan and could not determine whether Vanyo had paid the loan in full. Moreover, the language of the clause covers any lawsuit related to "[a]ny federal or state statute or regulation, or any alleged violation thereof."

{¶ 15} Based on the foregoing, we sustain the sole assignment of error.[2]

{¶ 16} The judgment is reversed, and the case is remanded for further proceedings.

Judgment reversed
and cause remanded.

Rocco and Kilbane, JJ., concur.

---

2. We do not reach Vanyo's argument regarding unconscionability because the trial court did not reach this issue. See *Alexander*, 122 Ohio St.3d 341, 2009-Ohio-2962, 911 N.E.2d 286, at ¶ 32.