[Cite as *Constantino v. Ciuni & Panichi, Inc.*, 2017-Ohio-9154.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105093**

## PETER CONSTANTINO

PLAINTIFF-APPELLEE

vs.

## CIUNI & PANICHI, INC., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-864664

**BEFORE:** Laster Mays, J., McCormack, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 21, 2017

-i-

**ATTORNEYS FOR APPELLANTS**

Thomas J. Tarantino
Scott D. Simpkins
Climaco Wilcox Peca Tarantino & Garofoli
55 Public Square, Suite 1950
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Jeffrey C. Miller
Brennan, Manna & Diamond, L.L.C.
200 Public Square, Suite 3270
Cleveland, Ohio 44114

Bryan E. Meek
Brennan, Manna & Diamond, L.L.C.
75 East Market Street
Akron, Ohio 44308

ANITA LASTER MAYS, J.:

**{¶1}** Defendants-appellants Ciuni and Panichi, Inc., Charles M. Ciuni, C&P Businesses, L.L.C., and C&P Advisors, L.L.C. (collectively "defendants") appeal the trial court's decision to deny their motion to stay litigation pending arbitration, and asks this court to reverse the trial court's decision. After review, we affirm.

## I.      Facts

**{¶2}** Plaintiff-appellee Peter Constantino ("Constantino") filed a complaint against the defendants alleging several claims that arose from Constantino's relationship as a former partner and owner in defendants' businesses. Constantino alleges that defendants breached the operating agreement relating to the buyout calculation of Constantino's capital account; breached certain loan agreements with the defendants' businesses; received unjust enrichment/quantum meruit; and breached their fiduciary duty to Constantino individually and to the defendants' businesses. Constantino clarified in his complaint that he was not in disagreement about the purchase price calculations ("Purchase Price Calculations"). Constantino alleges that defendants failed to repay him in excess of $89,050 plus interest pursuant to the term of a loan agreement entered into by defendants and Constantino.

**{¶3}** The defendants filed a motion to stay litigation pending arbitration, arguing that Constantino's disputes are governed by an arbitration provision contained in Section 6.9 of the operating agreement. The arbitration provision states,

Resolution of Disputes.   Any dispute regarding Purchase Price [C]alculations and the procedures set forth in Sections 6.4 through 6.8 shall be resolved by final and binding arbitration by the American Arbitration Association before one independent arbitrator in Cleveland, Ohio.   The arbitrator shall have the sole authority to determine the award of costs incurred by the parties in the event of such arbitration, including attorney fees and expenses.   Nothing in this Section 6.9 shall be deemed to supercede or limit the Company's remedies at law or in equity which may be pursued or availed by the Company for any breach by a Member or any other provision of this Agreement.

Constantino filed an opposition motion in response, and the trial court denied defendants' motion.   Defendants filed this timely motion assigning one assignment of error for our review:

> I.      The trial court erred in denying defendants' Ciuni & Panichi, Inc., Charles M. Ciuni, C&P Businesses, L.L.C., and C&P Advisors, L.L.C. Motion to Stay Litigation Pending Arbitration.

## II.      Motion to Stay Litigation Pending Arbitration

### A.      Standard of Review

{¶4}      Generally, absent an abuse of discretion, a reviewing court should not disturb a trial court's decision regarding a motion to stay proceedings pending arbitration. *Maclin v. Greens Nursing*, 8th Dist. Cuyahoga No. 101085, 2014-Ohio-2538, citing *K.M.P., Inc. v. Ohio Historical Soc.*, 4th Dist. Jackson No. 03CA2, 2003-Ohio-4443, ¶ 14.   The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

However, when addressing whether a trial court has properly granted a motion to stay and compel arbitration, the appropriate standard of review depends on "the type of questions raised challenging the applicability of the arbitration provision." *Zilbert v. Proficio Mtge. Ventures*, *L.L.C.*, 8th Dist. Cuyahoga No. 100299, 2014-Ohio-1838, quoting *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7.

Arbitration is a creature of contract, *see North Park Retirement Community Ctr., Inc. v. Sovran Cos.*, 8th Dist. Cuyahoga No. 96376, 2011-Ohio-5179, citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), so we are guided by "the principle that a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration[.]" *Id.*, citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). This requires an examination of the agreement to arbitrate, which has always been considered a review as a "matter of law"; in other words, a de novo review.

*Eaton Corp. v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 101654, 2015-Ohio-2034, ¶ 11 - 13.

## B. Law and Analysis

{¶5} In defendants' sole assignment of error, they argue that the trial court erred in denying their motion to stay litigation pending arbitration.

Ohio courts recognize a presumption favoring arbitration when the issue of the parties' dispute falls within the scope of the arbitration provision. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 27. In light of this strong presumption favoring arbitration, all doubts should be resolved in its favor. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15.

*Id.* at ¶ 14.

**{¶6}** "'Arbitration is favored because it provides the parties * * * with a relatively expeditious and economical means of resolving a dispute.'" *Id*. at ¶ 15, quoting *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712, 590 N.E.2d 1242 (1992); *DeVito v. Autos Direct Online, Inc*., 2015-Ohio-3336, 37 N.E.3d 194, ¶ 12 (8th Dist.). Consequently, if a dispute even arguably falls within the arbitration provision, the trial court must stay the proceedings until arbitration has been completed. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 5 (9th Dist.); *Tomovich v. USA Waterproofing & Found. Servs.*, 9th Dist. Lorain No. 07CA009150, 2007-Ohio-6214, ¶ 8.

**{¶7}** The presumption to arbitrate has been codified in R.C. Chapter 2711. The Ohio Supreme Court has recognized that R.C. Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 14, 17. A party may choose to move for a stay, petition for an order to proceed to arbitration, or seek both. *Id*. at ¶ 18. In *Maestle*, the Ohio Supreme Court made it clear that a motion to compel arbitration and a motion to stay proceedings are separate and distinct procedures that serve different purposes. *Id*. at ¶ 17; *Taylor v. Squires Constr. Co.*, 196 Ohio App.3d 581, 2011-Ohio-5826, 964 N.E.2d 500, ¶ 17 (8th Dist.).

**{¶8}** R.C. 2711.02(B) states,

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *.

**{¶9}** R.C. 2711.03(A) provides that

The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition * * * to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

**{¶10}** Further, R.C. 2711.03(B) states

If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue.

**{¶11}** Section 6.9 of the Operating Agreement refers to disputes regarding Purchase Price Calculations and procedures set forth in Sections 6.4 through 6.8. Section 6.4 provides an explanation of what happens when a member dies or becomes disabled. Section 6.5 refers to the voluntary retirement of a member. Section 6.6 references the termination of an employee member. Section 6.7 outlines the procedures if there is a voluntary sale of percentage interest. Section 6.8 refers to adjustment to purchase prices. As previously stated, Section 6.9 states that "any dispute regarding Purchase

Price Calculations and the procedures set forth in Sections 6.4 through 6.8 shall be resolved by final and binding arbitration * * *."

{¶12} Constantino's dispute with defendants is not included in Sections 6.4 through 6.8 nor is it a purchase price dispute. This arbitration clause is narrow and only covers those disputes mentioned in Sections 6.4 through 6.8.

> In *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, the Ohio Supreme Court addressed whether the court of appeals employed a proper test for determining the scope of the arbitration clause, i.e., whether the parties agreed to submit this dispute to arbitration.
>
> The *Aetna* court stated that: "'[t]o determine whether the claims asserted in the complaint fall within the scope of an arbitration clause, the court must "classify the particular clause as either broad or narrow." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir.2001). An arbitration clause that contains the phrase "any claim or controversy arising out of or relating to the agreement" is considered "the paradigm of a broad clause." *Collins & Aikman Prods. Co. v. Bldg. Sys. Inc.,* 58 F.3d 16, 20 (2d Cir.1995).'" *Id.* at ¶ 18, quoting *ADR/JB, Corp. v. MCY III, Inc.*, 299 F.Supp.2d 110, 114 (E.D.N.Y.2004).
>
> The *Aetna* court held that the "'proper method of analysis * * * is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement.'" *Id.* at ¶ 24, quoting *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). Under this standard, "'[e]ven real torts can be covered by arbitration clauses "[i]f the allegations underlying the claims 'touch matters' covered by the [agreement]." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir.1987).' (Brackets sic.) *Fazio*, id." *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, 122 Ohio St.3d 341, 2009-Ohio-2962, 911 N.E.2d 286, ¶ 24.

*Mak v. Silberman*, 8th Dist. Cuyahoga No. 95590, 2011-Ohio-854, ¶ 15-17.

{¶13} After a review of the record, Constantino is not disputing Purchase Price Calculations after separation; rather, his claims arise from an alleged breach of the entire

operating agreement. The arbitration agreement is narrow and does not cover Constantino's disputes with the defendants. We do not find that the trial court erred when it denied the defendants' motion stay litigation pending arbitration.

{¶14} Defendants' sole assignment of error is overruled.

{¶15} Judgment is affirmed.

It is ordered that the appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., J., CONCURS;
TIM McCORMACK, P.J., DISSENTS WITH SEPARATE OPINION


TIM McCORMACK, P.J., DISSENTING:

{¶16} The record in this case reflects Count 1 of Constantino's complaint alleged Ciuni & Panichi entities ("defendants") breached the Operating Agreement by failing to compensate him the contractually agreed amount of his capital account and in modifying the calculation of his capital account without his consent. Specifically, Constantino alleged defendants improperly reduced the amount of his capital account by adjusting

the amount for the clients he took to his new employer.

**{¶17}** The calculation of Constantino's capital account upon his departure is governed  by Section 6 of the Operating Agreement ("Transfer of Interests and Withdrawals of Members").   Section 6.9 of the Operation Agreement contains an arbitration agreement, which states:

> 6.9    Resolution of Disputes:  Any dispute regarding Purchase Price calculations and the procedures set forth in Sections 6.4 through 6.8 shall be resolved by final and binding arbitration * * *.

**{¶18}** Section 6.7 of the Operating Agreement governs the Purchase Price for a departing member's percentage interest in the company.  It provides that a departing member such as Constantino shall sell his percentage interest in the company and the Purchase Price for the percentage interest shall be the amount of the member's capital account.   Section 6.8 governs how the Purchase Price of the departing member's percentage interest is to be adjusted (i.e., reduced) if the member takes clients with him to a new employer.

**{¶19}** My reading of the record reflects the main dispute in this case is Constantino's allegation that defendants improperly reduced his capital account by making adjustments under Section 6.8 for clients he took with him to his new employer. This dispute falls squarely within the arbitration provision set forth in Section 6.9.

**{¶20}** While Constantino also asserted claims outside of the arbitration provision set forth in Section 6.9, such as a claim of breach of fiduciary duty and claims of unjust enrichment and quantum meruit, the statute requires the entire proceeding be stayed until

the arbitrable claim is resolved by arbitration first. R.C. 2711.02(B) (if an action is brought upon any issue referable to arbitration under an arbitration agreement, the court, upon being satisfied that the issue is referable to arbitration under the agreement, shall stay the trial court proceeding until the arbitration of the issue has been had).

{¶21} For these reasons, I respectfully dissent.