[Cite as *U.S. Bank Natl. Assn. v. Allen*, 2016-Ohio-2766.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### PAULDING COUNTY

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
ON BEHALF OF MANUFACTURED
HOUSING CONTRACT SENIOR/
SUBORDINATE PASS-THROUGH
CERTIFICATE 2001-1, ET AL.,

    PLAINTIFFS-APPELLEES,                CASE NO. 11-15-09

    v.

LORINDA L. ALLEN,

    DEFENDANT-APPELLANT,         O P I N I O N
    -and-

COMMUNITY FIRST BANK & TRUST, ET AL.,

    DEFENDANTS-APPELLEES.

---

Appeal from Paulding County Common Pleas Court
Trial Court No. CI-11-260

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: May 2, 2016

---

APPEARANCES:

    *George R. Smith, Jr.* for Appellant

    *Michelle L. Polly-Murphy* for Appellees, U.S. Bank, N.A. and Green
        Tree Servicing, LLC

Case No. 11-15-09

**SHAW, P.J.**

{¶1} Defendant-appellant, Lorinda L. Allen ("Appellant"), appeals the November 18, 2015 judgment of the Paulding County Court of Common Pleas granting the motion to compel arbitration filed by plaintiffs-appellees, U.S. Bank, Nation Association, as Trustee on behalf of Manufactured Housing Contract Senior/Subordinate Pass-Though Certificate 2001-1, and Green Tree Servicing, LLC (collectively referred to as "Appellees"). In granting Appellees' motion, the trial court ordered the parties to arbitrate Appellant's counterclaims, which were filed in response to U.S. Bank's foreclosure complaint.[1]

{¶2} On December 14, 2011, U.S. Bank filed a complaint in foreclosure alleging Appellant had defaulted on a promissory note executed by Appellant and her husband on December 8, 2000, in the principal sum of $39,655.56 for the purchase of a manufactured home.[2] U.S. Bank further alleged that it was the holder of the mortgage deed securing the property. The complaint sought judgment against Appellant for $45,472.91, which included the assessment of 14.75% interest and late fees pursuant to the promissory note, and foreclosure of the mortgage deed secured by the promissory note.

---

[1] The record indicates that Green Tree Servicing was formerly known as Conseco Finance Servicing Corp. Conseco was the original lender involved in the purchasing and financing of Appellant's manufactured home in 2000. It is not clear from the record when Conseco became the entity Green Tree, but the assignment indicates that Green Tree was the assignor of the mortgage and promissory note to U.S. Bank. U.S. Bank and Green Tree were represented by the same counsel throughout the trial court proceedings and on appeal.

[2] The record indicates that Appellant's husband is now deceased.

{¶3} Appellant subsequently filed an answer and was later granted leave to file an amended answer in which she asserted numerous affirmative defenses and counterclaims. Appellant asserted the following counterclaims in her amended answer: (1) Fraud, (2) Unconscionability, (3) Breach of Covenant of Good Faith and Fair Dealing, (4) Breach of Contract, (5) Wrongful Foreclosure, and (6) Declaratory Judgment Relief. Appellant's counterclaims joined Green Tree as a party plaintiff based upon Green Tree's interactions and relationship with Appellant prior to the assignment of the mortgage and promissory note to U.S. Bank.[3] Green Tree filed an answer to Appellant's counterclaims and asserted various affirmative defenses, including arbitration. U.S. Bank also filed an answer to Appellant's counterclaims.

{¶4} The trial court *sua sponte* ordered the case to mediation which was scheduled for February of 2013.

{¶5} On February 26, 2013, Appellees jointly filed a motion to stay the proceedings and compel arbitration. In this motion, Appellees asserted that each of Appellant's counterclaims were subject to the arbitration clauses in the promissory note and/or the Manufactured Home Service Contract, which was made between Conseco and Appellant and referenced and incorporated by Appellant in her pleading asserting her counterclaims. Thereafter, the parties filed a series of memoranda briefing the issue of

---

[3] In her motion for leave to amend her answer, Appellant speculates there to be an agency relationship between Green Tree and U.S. Bank pursuant to a "Pooling and Servicing Agreement." However, this "Pooling and Servicing Agreement" is not in the record to confirm or refute Appellant's estimation of an agency relationship between Appellees.

whether Appellant's counterclaims were arbitrable under the pertinent contracts between the parties. The record appears to suggest that several important matters related to this issue were discussed between the trial court and the parties during numerous telephone conferences the summer of August 2014. However, nothing related to these telephone conferences was recorded or otherwise made a part of the record at the time through journalization.

{¶6} The parties proceeded with discovery matters and continued to litigate the issue of arbitration of Appellant's counterclaims.

{¶7} On September 16, 2015, the trial court held an evidentiary hearing. [4] As a result of the hearing, the trial court ordered Appellees' counsel to submit a list of arbitrators to Appellant's counsel, scheduled another telephone conference to address the status of arbitration, and ordered U.S. Bank's foreclosure complaint to be set for trial "separate and apart from the Defendant's Counterclaims on January 28, 2016 at 9:00 a.m." (Doc. No. 65).

{¶8} On November 18, 2015, the trial court issued a judgment entry regarding arbitration between the parties and stated the following in its entry.

> **Relating to the issue of the arbitration, the Court notes that on February 26, 2013, Plaintiff[s] filed a Motion to Stay Proceedings and to Compel Arbitration. The case was to go to mediation before the issue of arbitration was addressed. The case proceeded to mediation**

---

[4] The record indicates that the hearing was scheduled for September 16, 2015; however the trial court suggests in a subsequent entry that the hearing took place on September 26, 2015. No transcript of this hearing was filed in the record on appeal.

**with no resolution. The Court held a telephone status conference on August 26, 2014. At the telephone conference, the Court entertained discussions between counsel for Plaintiff and counsel for Defendant and all seemed to agree that the counterclaims would be bifurcated from the original complaint based on an arbitration clause in the Note and the Home Services Contract and submitted to arbitration if the mediation was unsuccessful. The attorneys verbally agreed that only one arbitrator would be necessary, in order to save costs. The parties were to address choosing an arbitrator, the location of the arbitration and whether the arbitration would be bifurcated (i.e. home services contract v. counterclaims relating to enforceability of the note). The matter of arbitration was not journalized by the Court as it appears that no further agreements were reached as to the details of the arbitration.**

**At the evidentiary hearing on September 26, 2015, the issue was again raised by Plaintiff as to an order compelling arbitration. Through Plaintiff's counsel, an order was proposed which indicated that the costs of the arbitration shall be shared equally by the parties and counsel for the Defendant objected. The Court then scheduled a telephone conference for October 15, 2015 to address the status of the arbitration.**

(Doc. No. 71 at 2).

{¶9} The trial court explained in its judgment entry that it permitted both parties to file additional written arguments in support of their positions regarding arbitration and held two subsequent telephone conferences with counsel. The trial court issued the following order.

**Upon due consideration and for good cause shown, it is hereby ORDERED, ADJUDGED and DECREED as follows:**

**1. Pursuant to Plaintiffs' Motion to Compel Arbitration filed February 26, 2013, Plaintiffs' Motion to Compel Arbitration is hereby granted. Defendant Lorinda Allen's Counterclaims asserted are**

**bifurcated from the initiating action and compelled to binding arbitration.**

**2.    Only one arbitrator shall be used.**

**3.    The arbitration shall be conducted pursuant to the American Arbitration Association guidelines.**

**4.    The costs of the arbitration shall be paid as follows:  The Court is attempting to use an arbitrator through Northwest Ohio Mediation Services and if successful, there will be no cost to either of the parties. If arbitration is done through another entity, Plaintiff shall pay the first $1,500 of the arbitration and the remaining balance shall be divided equally between the parties.**

(Id.).

{¶10} Appellant brings this appeal, asserting the following assignments of error.

<u>**ASSIGNMENT OF ERROR NO. I**</u>

**THE TRIAL COURT'S STAY OF PROCEEDINGS ONLY AS TO DEFENDANT'S COUNTERCLAIMS CONSTITUTED AN ABUSE OF DISCRETION AS ALL PROCEEDINGS SHOULD BE STAYED PENDING THE OUTCOME OF ARBITRATION.**

<u>**ASSIGNMENT OF ERROR NO. II**</u>

**THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING ARBITRATION OF ALL DEFENDANT'S COUNTERCLAIMS AND SCHEDULING TRIAL ON PLAINTIFF'S FORECLOSURE CLAIMS AS MOST OF THE COUNTERCLAIMS WERE AFFIRMATIVE DEFENSES TO PLAINTIFF'S ACTION TO ENFORCE THE NOTE.**

## ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING DEFENDANT, WHO WAS INDIGENT, TO SHARE IN THE COSTS OF ARBITRATION.**

## ASSIGNMENT OF ERROR NO. IV

**THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING ALL OF DEFENDANT'S COUNTERCLAIMS TO BE HEARD BY ONE ARBITRATOR WHERE TWO ARBITRATION PROVISIONS PROVIDED DEFENDANT'S CLAIMS WOULD BE HEARD BY A PANEL OF THREE ARBITRATORS. A TRIAL COURT IS WITHOUT POWER TO CHANGE THE TERMS OF AN ADHESION CONTRACT BETWEEN THE PARTIES ESPECIALLY WHERE, AS HERE, THE DRAFTING PARTY INVOKED THE MANDATORY ARBITRATION PROVISION IN THE CONTRACT.**

## ASSIGNMENT OF ERROR NO. V

**THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING ARBITRATION OF DEFENDANT'S COUNTERCLAIMS AS PLAINTIFF WAIVED ITS RIGHT TO COMPEL ARBITRATION BY ENGAGING IN CONDUCT INCONSISTENT WITH THAT RIGHT.**

{¶11} For ease of discussion, we elect to discuss the assignments of error out of order.

*Waiver of the Right to Arbitrate*

{¶12} In her fifth assignment of error, Appellant argues that Appellees waived their right to arbitrate her counterclaims.

{¶13} " '[T]he question of waiver is usually a fact-driven issue and an appellate court will not reverse' the trial court's decision 'absent a showing of an abuse of discretion.' " *Morris v. Morris*, 10th Dist. Franklin No. 10AP–15, 189 Ohio App. 3d 608, 2010-Ohio-4750, ¶ 17, quoting *ACRS, Inc. v. Blue Cross & Blue Shield of Minnesota*, 131 Ohio App.3d 450, 456 (8th Dist. 1998). The phrase "abuse of discretion" implies the trial court's attitude is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right." *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. Franklin No. 10AP-353, 2011-Ohio-80, ¶ 21.

{¶14} In determining whether the totality of the circumstances supports a finding of waiver, a court may consider such factors as: (1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts. *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 414 (3d Dist. 1997). "Because of the strong public

policy in favor of arbitration, the heavy burden of proving waiver of the right to arbitration is on the party asserting waiver." *Griffith v. Linton*, 130 Ohio App.3d 746, 751 (10th Dist. 1998). Therefore, a court will not lightly infer waiver of a right to arbitrate. *Harsco* at 415.

{¶15} The record establishes that U.S. Bank filed its complaint for foreclosure in December of 2011. The trial court granted Appellant leave to file an amended answer asserting her counterclaims in November of 2012, which joined Green Tree as a party. Appellees filed their answer to Appellant's counterclaims shortly thereafter. The trial court *sua sponte* referred the case to mediation, which was scheduled to take place in February 2013. However, the attempt to mediate was not successful and on February 26, 2013, Appellees filed their motion to stay the proceedings and compel arbitration. The remaining filings in the record during 2013 consisted of the parties' memoranda on the merits of Appellees' request to stay the proceedings and compel arbitration.

{¶16} The record is unclear as to what transpired next. It appears that the trial court held a series of telephone conferences in the summer 2014 with the parties, the contents of which were not contemporaneously memorialized in the record. The trial court again referred the case to mediation and several documents relating to contested discovery matters were filed throughout the latter part of 2014 and the majority of 2015. According to the trial court's October 20, 2015 entry, the issue of Appellees' motion to stay and compel arbitration was discussed during an evidentiary hearing in September

2015, a transcript of which was not filed on appeal. The trial court later ruled on the motion to compel arbitration in November 2015.

{¶17} On appeal, Appellant claims that U.S. Bank's actions were inconsistent with its right to arbitrate because it failed to plead arbitration as an affirmative defense in its answer to Appellant's counterclaims. We note that in its answer to Appellant's counterclaims, Green Tree did assert arbitration as an affirmative defense. Appellant also argues that Appellees waived their right to arbitrate because they participated in discovery after the filing of their motion to compel arbitration.

{¶18} At the outset, we note it has been held that the right to arbitrate, as protected by R.C. 2711.02, is not a Civ.R. 8(C) affirmative defense and, a party's failure to include it in the initial responsive pleading does not result in waiver. *Morris*, 2010-Ohio-4750 at ¶ 32. While the right to arbitrate should be affirmatively pleaded, it is not mandated by Civ.R. 8(C) to avoid waiver. *Hudson v. Ernst & Young*, *L.L.P.*, 10th Dist. Franklin No. 09AP-949, 189 Ohio App.3d 60, 2010-Ohio–2731, ¶ 37. Thus, the mere fact that U.S. Bank did not affirmatively plead an arbitration defense, pursuant to R.C. 2711.02, in response to Appellant's counterclaims does not necessarily result in a finding of waiver, especially where the record does not clearly demonstrate an abandonment of the right to arbitrate and the trial court did not rule on the motion for almost three years.

{¶19} We also note that the arbitration clause in the promissory note expressly states that the filing of a judicial action in foreclosure does not constitute a waiver of the

right to arbitrate any counterclaims brought by Appellant. Specifically, the relevant provision in the promissory note states:

> **The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment, or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this contract, including the filing of a counterclaim in a suit brought by you pursuant to this provision.**

(Promissory Note at 3).

{¶20} Notwithstanding this fact, Appellant also argues that Appellees waived their right to arbitrate because they participated in discovery prior to the September 2015 hearing. In making this argument, Appellant overlooks the fact that at the time of the hearing the trial court had yet to rule on Appellees' motion to compel arbitration and that this motion was filed well in advance of any attempt by the parties to proceed with discovery. The record indicates the parties had made little progress with discovery before a dispute arose regarding the scope of discovery, which required the trial court to hold an evidentiary hearing on the matter in September 2015, where the pending motion to compel arbitration was again raised by Appellees. As previously mentioned, we do not have a transcript of this hearing on appeal.

{¶21} Moreover, it appears that much of the discussion between the parties before the trial court regarding the issue of arbitration and the prospect of moving forward with discovery occurred during telephone conferences in the summer of 2014. Appellant now

claims she was prejudiced because she relied on representations made during these telephone conferences and limited her discovery as a result. However, the content of these telephone conferences to this extent were not memorialized on the record, making our review of this issue somewhat difficult due to the inability to assess the parties' conduct during these proceedings. [5]

**{¶22}** Being mindful that a court will not lightly infer waiver of a right to arbitrate and the heavy burden placed upon Appellant to prove waiver, we cannot conclude Appellant demonstrated Appellees' actions were inconsistent with their right to arbitrate. In other words, we cannot find an affirmative basis to conclude that Appellees abandoned their right to arbitrate in order to pursue litigation of the counterclaims in the trial court action. *See U.S. Bank v. Wilkens*, 8th Dist. Cuyahoga No. 93088, 2010-Ohio-262, (holding that waiver of arbitration did not occur in spite of the bank not raising arbitration until five months after originally answering and after participating in insignificant discovery). Based on the totality of these circumstances, the trial court did not abuse its discretion in finding that Appellees did not waive their right to arbitrate. Therefore, Appellant's fifth assignment of error is overruled.

### *Trial Court's Decision to Compel Arbitration*

**{¶23}** In her second, third, and fourth assignments of error, Appellant maintains the trial court erred in concluding her counterclaims for (1) Fraud, (2) Unconscionability,

---

[5] Appellees maintained in their memoranda to the trial court regarding the right to arbitrate that the trial court orally granted their motion to compel arbitration during these telephone conferences in the summer of 2014.

(3) Breach of Covenant of Good Faith and Fair Dealing, (4) Breach of Contract, (5) Wrongful Foreclosure, and (6) Declaratory Judgment Relief were subject to arbitration. Specifically, Appellant asserts that her counterclaims were "brought by way of recoupment" and were purely defensive to U.S. Bank's complaint in foreclosure and therefore were not subject to arbitration referral. Thus, Appellant claims the trial court erred when it granted Appellees' motion to stay the proceedings and compel arbitration pursuant to R.C. 2711.02. Appellant also assigns error to the trial court's determination of the arbitration terms, in particular that there will be one arbitrator used and that Appellees shall pay the first $1,500.00 of the arbitration with the remaining costs to be dividedly equally between the parties.

{¶24} "Both the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 15, citing R.C. Chapter 2711, *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 27, and *Williams v. Aetna Fin. Co.*, 1998-Ohio-294, 83 Ohio St.3d 464, 471 (1998). A contractual arbitration clause "is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected." *Williams* at 471. " 'Arbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute.' " *Kelm v. Kelm*, 68 Ohio St.3d 26, 29 (1993),

quoting *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712 (1992). "Arbitration also has the additional benefit of unburdening crowded court dockets." *Hayes* at ¶ 15, citing *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83 (1986). "In light of the strong presumption favoring arbitration, all doubts should be resolved in its favor." *Hayes* at ¶ 15, citing *Ignazio v. Clear Channel Broadcasting, Inc.*, 113 Ohio St.3d 276, 2007-Ohio-1947, ¶ 18.

**{¶25}** "The General Assembly has also endorsed the strong policy in favor of arbitration of disputes in R.C. 2711.01(A), which provides that an arbitration agreement 'shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.' " *Hayes* at ¶ 16. Section 2711.02 of the Revised Code provides for enforcement of an arbitration agreement. A party to such an agreement may obtain a stay of litigation in favor of arbitration under R.C. 2711.02(B), which states:

> **If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.**

**{¶26}** Moreover, an order under R.C. 2711.02(B) that grants or denies a stay of a trial pending arbitration "is a final order and may be reviewed, affirmed, modified, or

reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code." R.C. 2711.02(C). When addressing whether a trial court has properly granted a motion to stay litigation pending arbitration, this court applies an abuse of discretion standard. *Carter Steel & Fabricating Co. v. Danis Bldg. Constr. Co.*, 126 Ohio App.3d 251, 254-55 (3d Dist. 1998). An abuse of discretion implies the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Absent an abuse of that discretion, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 1993-Ohio-122.

**{¶27}** Initially, we note that R.C. 2711.01(B)(1) expressly states that the arbitration statutes do not apply to controversies involving the title to real estate. Therefore, because a foreclosure action involves title to real estate it is not an arbitrable matter. *See Keybank v. MRN Ltd. Partnership*, 8th Dist. Cuyahoga No. 88868, 2007-Ohio-5709 (reversing a trial court's order referring a dispute to arbitration when it involved title to real estate in violation of R.C. 2711.01(B)(1)). Accordingly, U.S. Bank was required to file a lawsuit to initiate the foreclosure procedure and, as already discussed, by doing so did not waive its right to arbitrate matters that fell within the parties' agreement to arbitrate. *See U.S. Bank, N.A. v. Wilkens*, 8th Dist. Cuyahoga No. No. 93088, 2010-Ohio-262, ¶ 20 (finding no automatic waiver of right to arbitrate the

defendant's counterclaims of fraud, breach of contract, intentional infliction of emotional distress, and loss of consortium by filing the non-arbitrable foreclosure action).

{¶28} Here, Appellant filed six counterclaims against Appellees arising out of the purchase and financing of the manufactured home on her property. Most of these claims involved allegations of wrongdoing by Green Tree regarding their representations about the condition of the manufactured home, its conduct during the sale, and its subsequent servicing of the loan. According to Appellant, she also purchased a Manufactured Home Service Contract from Green Tree which covered repairs and replacement of damaged items. Appellant claims Green Tree failed to act in compliance with the service contract.

{¶29} There are two arbitration provisions implicated in this case. The first one appears in the promissory note and specifically provides:

> **ARBITRATION: All disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract, or the validity of this arbitration clause or the entire contract, shall be resolved by binding arbitration by one arbitrator selected by you with my consent.** For purposes of this paragraph, the "parties" shall mean I, the Borrower, and you the Lender, together. This arbitration agreement is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A

**COURT ACTION BY YOU (AS PROVIDED HEREIN). The parties agree and understand that <u>all disputes arising under case law, statutory law, and all other laws, including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement.</u> I agree that I shall not have the right participate as a representative or a member of any class of claimants pertaining to any claim arising from or relating to this contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunder to the contrary, you retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation, or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. <u>The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a money judgment, or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this contract, including the filing of a counterclaim in a suit brought by you pursuant to this provision.</u>**

(Promissory Note at 3) (emphasis added).

{¶30} The other arbitration provision appears in the "Manufactured Home Service Contract" and provides as follows.

**ARBITRATION CLAUSE**

**Any and all disputes, controversies or claims of any kind and nature between you and us arising out of or in any way related to the validity, interpretation, performance or breach of any provision of this service contract, and upon which a settlement has not been reached by you and us, shall be resolved, exclusively, by arbitration in accordance with the Federal Arbitration Act (9 U.S.C. sec 1 et seq).**

-17-

**You shall appoint one arbitrator and we shall appoint an arbitrator. The two arbitrators appointed shall together pick a third arbitrator. The arbitration proceeding shall commence within 90 days after the first notification of one party by the other as to their election to arbitrate a dispute. Any decision of the arbitrators shall be by majority vote. In all other respects, the rules and procedures of the American Arbitration Association's Commercial Arbitration Rules shall govern the arbitration proceeding, except to the extent that such rules and procedures conflict with the Federal Arbitration Act. Arbitration shall be held in the county where you reside, unless otherwise agreed, in writing, by the parties. In no event shall the arbitrators grant any relief not available in the courts of the state where the service contract is issued. Judgment upon the arbitration award shall be entered in a court of general jurisdiction in the state where you reside.**

**The cost of all arbitration proceedings shall be paid by us with the exception of the cost of your legal representation. However, the arbitrators shall have the authority to order you to pay all costs of the arbitration proceedings, if the arbitrators determine that the dispute is without substantial justification.**

**You and we understand that: (1) discovery in an arbitration proceeding may be more limited than and different from that in a court proceeding; (2) the arbitrators are not required to state the basis of their decision or to issue any findings of fact; and (3) both your and our right to appeal or seek modification of rulings by the arbitrators may be limited.**

(Manufacture Home Service Contract at 3).

**{¶31}** In determining whether a dispute falls within the arbitration provision a court must first look at the language of the arbitration agreements. *Alexander v. Wells Fargo Financial Ohio 1, Inc.*, 122 Ohio St.3d 341, 2009-Ohio-2962, ¶ 9. Any doubts should be construed in favor of arbitration. *Hayes*, 122 Ohio St.3d 63, 2009-Ohio-2054,

¶ 15. "A proper method of analysis here is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Alexander* at ¶ 24. "Even real torts can be covered by arbitration clauses '[i]f the allegations underlying the claims "touch matters" covered by the [agreement]. *Id.*, quoting *Genesco Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir.1987).

{¶32} On appeal, Appellant contends that her claims are non-arbitrable because they are "claims of recoupment" merely asserted as defenses to U.S. Bank's foreclosure complaint. Appellant argues that her counterclaims are in essence affirmative defenses, despite the manner in which she asserted them in her answer. As such, Appellant contends her counterclaims should not be bifurcated from the proceedings relating to the foreclosure action.

{¶33} Both arbitration provisions in the promissory note and the Manufactured Home Service Contract represent the parties' agreement to arbitrate all disputes, claims, or controversies arising from or relating to those contracts. As previously mentioned, the only reason the foreclosure action is considered non-arbitrable is due to the fact that controversies involving the title to real estate is expressly exempted by statute. Regardless of how she now characterizes them on appeal, it is apparent that Appellant's counterclaims constitute disputes, claims, or controversies arising out of one or both of the agreements at issue and therefore do not fall outside the bounds of the arbitration

provisions simply because the ultimate determination of foreclosure must be litigated in a court action. As to the trial court's determination that Appellant's counterclaims are subject to arbitration, we find no abuse of discretion on this basis. To this extent, we overrule Appellant's second assignment of error.

{¶34} Notwithstanding this fact, there are several factual ambiguities present in the record and underlying the trial court's determination on arbitration which must be addressed by the trial court before the arbitration can proceed. First, despite making reference to both "Plaintiff" and "Plaintiffs," the trial court's entry does not make clear the fact that there are two entities seeking to enforce arbitration—U.S. Bank and Green Tree. The record reflects that U.S. Bank and Green Tree jointly filed the motion to compel arbitration. Other than being represented by the same counsel, it is not clear from the record what the relationship is between U.S. Bank and Green Tree in this dispute. U.S. Bank attached to its foreclosure complaint a copy of the assignment of the promissory note and mortgage from Green Tree to U.S. Bank. However, the record insufficiently explains how U.S. Bank would be obligated under any agreement other than the promissory note and mortgage—i.e., the Manufactured Home Service Contract. Stated another way, it is not clear from the record or the trial court's entry how U.S. Bank is a party to the Manufactured Home Service Contract and therefore accountable for Green Tree's actions for allegedly failing to comply with the duties thereunder.

{¶35} This leads us to a second issue left unsettled—specifically which arbitration provision applies to each of the Appellant's six counterclaims. There are at least two arbitration provisions at issue in this case, each with differing terms governing the arbitration procedure. For instance, the arbitration provision in the promissory note calls for the use of one arbitrator selected by the "Lender" with the "Borrower's" consent and is silent as to the costs, whereas the arbitration provision in the Manufactured Home Service Contract provides for the use of three arbitrators, one chosen by the "dealer" who sold the home, one chosen by the "owner" of the home, and the third chosen by the two selected arbitrators. (Manuf. Hm. Srvc. Contract at 1). This arbitration provision also requires the "dealer" to pay for the cost of the arbitration proceedings. Aside from the fact that it is unclear how either U.S. Bank or Green Tree can be considered a "dealer," the Manufactured Home Service Contract indicates that the "dealer" is an entity named Palm Harbor Village, who is not a party to this action.[6] Thus, the record before us insufficiently explains whether some or all of Appellant's counterclaims involve U.S. Bank, Green Tree or both. Moreover, it remains to be determined which arbitration provision applies to each of the counterclaims. Accordingly, there needs to be a

---

[6] Appellant argues that there is a third agreement containing an arbitration provision connected to this case. This document is referred to by Appellant as a "Retail Sales Installment Contract." Only the page containing the arbitration provision of this document was included in the record as an exhibit to Appellant's supplemental memorandum addressing the merits of Appellees' motion to compel arbitration. There is no indication in the record that the trial court considered this document in its decision to compel arbitration. Moreover, it is difficult to discern from the incomplete document whether the provision is applicable to the parties involved in this controversy as the agreement appears to be between Appellant and the entity named "Palm Harbor Village." Appellant asserted in her amended answer that Palm Harbor Village was an agent of Conseco but there is nothing in the record to substantiate this claim and no further mention of Palm Harbor Village in the record.

determination by the trial court designating which arbitration agreement applies to the counterclaims as well as identifying the specific parties involved in each counterclaim.

**{¶36}** It is clear that the trial court attempted to resolve the issue regarding the application of multiple arbitration provisions with varying terms by ordering *new* terms of arbitration, not included in either arbitration agreement, to govern the resolution of Appellant's counterclaims—i.e., ordering the arbitration to proceed with one arbitrator with "Plaintiff" to pay the first $1,500.00 and the parties to equally share the remaining costs of arbitration.[7] However, this amounted to the trial court modifying the parties' prior written agreements in the promissory note and the Manufactured Home Service Contract—which we have found no authority permitting the trial court to do. None of the written arbitration provisions at issue provide for the method of dividing the costs ordered by the trial court. We acknowledge the trial court's reference to the parties' purported agreement to these terms during a telephone conference in August 2014, but note that this agreement was never reduced to writing. Sections 2711.01 et seq., the statutes governing arbitration, contemplate the existence of a *written agreement* to arbitrate.

**{¶37}** This is not to say the parties are necessarily prohibited from modifying their agreement to arbitrate after the fact in order to be cost effective or to facilitate the procedure. Nevertheless, to be enforceable by a trial court the *agreement* setting forth the

---

[7] Again, the trial court's judgment entry is unclear as to which "Plaintiff" is ordered to pay the costs of arbitration—U.S. Bank, Green Tree or both.

terms of arbitration must be in *writing*. *See* R.C. 2711.02 (authorizing the trial court to stay the proceedings upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration); s*ee e.g.*, R.C. 2711.03 (permitting a party to petition a court to issue an order directing that the arbitration proceed in the manner provided for in the written agreement). Accordingly, we find merit in Appellant's assertion that the trial court improperly modified the parties' prior written agreement to arbitrate by ordering the parties to submit to an arbitration procedure different than the one outlined in the parties' written agreements. Therefore, we sustain Appellant's third and fourth assignments of error and remand the case for the trial court to make the previously discussed determinations of the application of the appropriate arbitration provision and the parties involved in each of Appellant's counterclaims.

<u>*Failure to Stay the Foreclosure Proceeding*</u>

{¶38} In her first assignment of error, Appellant asserts that the trial court erred in failing to stay the entire case pending arbitration. The record reflects that in its October 20, 2015 journal entry, the trial court ordered the parties to participate in a telephone conference to address the "status of arbitration." (Doc. No. 65). In the same entry, the trial court set a trial date for U.S. Bank's foreclosure complaint "separate and apart" from Appellant's counterclaims. (Id.). A month later, the trial court issued a journal entry granting Appellees' motion to compel arbitration of Appellant's counterclaims.

However, the trial date passed with no action being taken and there was never any further order issued by the trial court staying the foreclosure proceeding pending arbitration.

{¶39} We review the trial court's decision to stay proceedings and compel arbitration in this case under an abuse of discretion standard. *Eagle v. Fred Martin Motor Company*, 157 Ohio App.3d 150, 2004-Ohio-829, ¶ 10. An abuse of discretion implies the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶40} As previously mentioned, R.C. 2711.02(B) provides the following:

**(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.**

{¶41} On appeal, Appellant argues that R.C. 2711.02(B) mandates a trial court stay all proceedings in the case until arbitration is complete. Thus, Appellant maintains that the trial court erred in setting a trial date for U.S. Bank's foreclosure complaint and not issuing a stay of that proceeding when it granted Appellees' motion to compel arbitration of her counterclaims. Appellees concede that when both arbitrable and non-arbitrable claims are involved, the statue requires the entire proceeding be stayed until those claims subject to arbitration have been arbitrated. However, Appellees argue that

because the trial date has passed without the trial court moving forward with the trial, its complaint in foreclosure has effectively been stayed. Therefore, Appellees contend that Appellant has failed to show any prejudice from the trial court failing to issue an order of stay of the proceeding related its foreclosure complaint.

{¶42} As is apparent from the language of the statute, when a trial court determines that certain claims are subject to arbitration, it must stay the entire proceeding until those claims have been arbitrated, even though the action may involve both arbitrable and non-arbitrable claims. The statute does not appear to confer any discretion to the trial court regarding the stay. *See Cheney v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 04AP-1354, 2005-Ohio-3283, ¶ 12 ("[W]hen an action involves both arbitrable and non arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved."); *see also*, *Litman v. HCR ManorCare, Inc.*, 5th Dist. Stark No. 2014CA00224, 2015-Ohio-2637, ¶ 12; *Stoner v. Salon Lofts L.L.C.*, 10th Dist. Franklin No. 13AP-437, 2014-Ohio-796, ¶ 33 (*sua sponte* raising the issue of the trial court only staying a portion of the proceeding and remanding the matter for the court to enter an order staying the entire action until arbitration has been completed). Accordingly, the trial court erred in failing to issue an order of stay of the foreclosure proceeding when it granted Appellees' motion to compel arbitration of Appellant's counterclaims. The first assignment of error is sustained.

{¶43} For all these reasons, the first, third, and fourth assignments of error are sustained and the second and fifth assignments of error are overruled. Accordingly, the judgment is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**