[Cite as *Glass v. Kindred Transitional Care & Rehab.*, 2016-Ohio-3188.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lettie Glass, as the Personal Representative of the Estate of Doris Glass, Deceased, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 15AP-940 |
| v. | : | (C.P.C. No. 14CV-8021) |
| Kindred Transitional Care and Rehabilitation – Winchester Place et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

# D E C I S I O N

## Rendered on May 26, 2016

**On brief:** *The Dickson Firm, L.L.C., Blake A. Dickson,* and *Daniel Z. Inscore.* **Argued:** *Blake A. Dickson*

**On brief:** *Bonezzi Switzer Polito & Hupp Co. L.P.A., Paul W. McCartney,* and *Jennifer R. Becker.* **Argued:** *Jennifer R. Becker*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendants-appellants, Kindred Transitional Care and Rehabilitation – Winchester Place, Kindred Healthcare Operating, Inc., Kindred Nursing Centers East, LLC and Kindred Healthcare, Inc. (hereinafter "Kindred" or "appellants"), appeal from a decision of the Franklin County Court of Common Pleas denying its motion to stay proceedings and compel/enforce the alternative dispute agreement. Plaintiff-appellee, Lettie Glass, as the Personal Representative of the Estate of Doris Glass, deceased (hereinafter "appellee"), has filed motions to dismiss this appeal and for sanctions. For the following reasons, we affirm the judgment of the trial court and deny appellee's motions.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellee alleges that Doris Glass ("decedent") was a resident of Kindred's nursing home, and on August 3, 2013, while under Kindred's care and supervision, fell and broke her femur bone. Appellee claims the broken femur bone went undiscovered by Kindred which caused it to heal improperly. Over 11 months later decedent died, and appellee is asserting that her death was a direct and proximate result of the injuries she suffered at Kindred. On August 1, 2014, appellee filed a complaint against Kindred for negligence, wrongful death, and a survivorship claim. (Compl. ¶ 1, 5 and 10.)

{¶ 3} On September 4, 2014, Kindred filed an answer and raised several defenses, including the "fifteenth defense," which states: "Plaintiff's claims are subject to the binding Arbitration Agreement, pursuant to R.C. 2711.02 and, thus, this matter should be stayed." (Answer, ¶ 16.) However, in the year following the filing of this action, Kindred did not move the trial court for a stay, or provide it with any documentation of a binding arbitration agreement, or even mention the possibility of moving for a stay pending arbitration. (Decision, 2-4.)

{¶ 4} Instead, litigation between the parties became very contentious with numerous motions to compel discovery and depositions, for protective orders and sanctions, and to strike motions or briefs. In the June 17, 2015 "Order to Compel Discovery and Notice of Status Conference and/or Hearing on Sanctions," the trial court addressed the issue of counsel's actions and the parties competing requests for sanctions in no uncertain terms:

> In this case, much time and expense has needlessly been wasted by counsel and the Court in addressing discovery issues. Generally, this Court would be inclined to immediately impose sanctions * * * however, it is apparent from the pending motions that both sides have wholly failed to comply with the April 21st Discovery Order. Unfortunately, the discovery issues in this matter are the product of delay and unnecessary gamesmanship by counsel which is to the detriment of the parties themselves.
>
> Already, the Court has on three occasions, conferred with counsel in an attempt to resolve outstanding discovery. * * *
>
> The April 21st Discovery Order was clear, precise, and unambiguous. * * * However, now the Court is again faced

> with motions where counsel are pointing the finger at each other and seeking Court intervention for discovery disputes which should have been resolved * * *. The adolescent behavior of counsel in this matter is a waste of the Court's resources and is not well received.

(Order, 4.)

{¶ 5} Finally, on August 5, 2015, slightly over one year after the complaint was filed, Kindred moved to stay proceedings and compel/enforce the alternative dispute agreement. (Decision, 4.) In response to the motion for stay, appellee argued that the right to arbitrate had been waived, and that the arbitration provision is unenforceable and illegal. *Id.* at 5.

{¶ 6} Appellee also urged the Court to impose sanctions against Kindred for filing the alleged "frivolous" motion to stay. Appellee argues Kindred's late filing of the motion to stay is a tactic implemented by Kindred for the purpose of delay. In support of this argument, appellee directed the trial court to the Franklin County Court of Common Pleas case of *Fravel v. Columbus Rehab. & Subacute Inst.,* case No. 14CV-7216. (Decision, 7.)

{¶ 7} In the Decision and Entry of October 14, 2015, the trial court reviewed the motion for sanctions and noted that:

> [*Fravel*] is similar to the present action in the following ways: (1) the plaintiff is a representative of a former nursing home resident, (2) the plaintiff alleges the nursing home's negligence caused the death of its former resident, (3) the Dickson Firm of Beachwood, Ohio is representing the plaintiff, (3) the firm of Bonezzi Switzer Polito & Hupp Co. LPA from Cincinnati, Ohio is representing the defendant nursing homes, (4) the defendants raised arbitration as a defense in their answer but waited several months to move the court for a stay, and (5) after the court denied the defendants' motion to stay for arbitration, they filed an appeal which effectively stayed the entire litigation.

> The similarities between [Fravel] and the instant matter are eerily unsettling. A review of the proceedings from [Fravel], when compared to the case at hand, on its face suggests that counsel from the [defendants] firm * * * have an established method of trying this type of case, and that one of the methods implemented is to file an untimely motion to stay.

> Yet, at this point, the Court will not draw such a broad conclusion.
>
> Upon cursory review, it appears Plaintiff's Motion for Sanctions has some merit. However, rather than distracting the attention of counsel away from the underlying claims, the Court will hold in abeyance its decision on Plaintiff's request for sanctions * * *. Once the primary claims in this matter are resolved, counsel for Plaintiff may move the Court for a ruling on the August 18, 2015 Motion for Sanctions.

(Emphasis sic.) *Id.* at 7-8.

{¶ 8} The trial court reviewed Kindred's motion for stay, and held:

> Based upon the totality of the circumstances, the Court finds Defendants acted inconsistently with their right to arbitrate, and have thus waived arbitration. * * * Although Defendants knew of their right to arbitration back in September 2014, they did nothing to assert that right. Instead, they waited more than a year after the Complaint was filed and eleven (11) months after their Answer was filed to assert their right to arbitration. During this year long delay, Defendants and Plaintiff exchanged written discovery, participated in depositions, disclosed and supplemented witness lists, and have on at least three occasions come before the Court for a Status Conference to discuss issues impeding litigation of this matter.
>
> Notably, Defendants also filed a Motion for Partial Summary Judgment before the right to arbitration was asserted. * * *. Accordingly, Defendants have acted inconsistently with their right to arbitrate by submitting this issue to the Court for a resolution on the merits. See *Griffith v. Linton*, 130 Ohio App. 3d 746, 753, 721 N.E.2d 146 (10th Dist.1998) * * *
>
> It would cause Plaintiff prejudice if this matter were now to be referred to arbitration given Defendants' motion practice and substantial participation in the litigation thus far. Defendants' Motion to Stay is therefore not well-taken, and hereby is DENIED.

(Emphasis sic.) *Id.* at 6-7.

{¶ 9} The trial court concluded that "[f]or the aforementioned reasons, Defendants' Motion to Stay is **DENIED**. The Court holds in **ABEYANCE** a decision on Plaintiffs' Motion for Sanctions." (Emphasis sic.) *Id.* at 8.

## II. APPELLEE'S MOTIONS ARE DENIED

{¶ 10} As an initial matter, we note that the appeal of the *Fravel* case was decided by this court on December 10, 2015. *Fravel v. Columbus Rehab. & Subacute Inst.,* 10th Dist. No. 15AP-792, 2015-Ohio-5125. The *Fravel* case dealt with, in part, the same issues presented here. Like the present case, appellee in *Fravel* filed motions to dismiss and for sanctions based on the same arguments as in the instant case.

{¶ 11} Like *Fravel*, appellee moves to dismiss the appeal and argues that no final appealable order has been entered pursuant to R.C. 2505.02. Appellee argues that even though appellee Lettie Glass signed the arbitration agreement on behalf of her mother-in-law Doris Glass, as the authorized representative, she did not have legal authority to bind appellees in this matter. Specifically, appellee argues that "[t]here was no valid arbitration agreement in writing in this case. As a result, the Trial Court's Order is not a final order and this appeal should be dismissed" and sanctions should be imposed. (Appellee's Mot. to Dismiss, 3; Appellee's Merit Brief and Mot. for Sanctions, 55.) Kindred counters that "a valid and enforceable Agreement exists" and "[t]he evidence shows that Appellee had authority to sign the Agreement." (Appellants' Resp. in Opp. to Appellee's Mot. to Dismiss, 14.)

{¶ 12} Appellee did argue that there was no valid agreement to the trial court. However, as the trial court found that Kindred had waived its right to arbitration, it did not address this issue. In light of our decision affirming the trial court, this issue is not relevant to our analysis.

{¶ 13} Subsequent to the parties briefing on appellee's motion to dismiss, we decided and denied appellee's motion to dismiss and for sanctions in *Fravel. Id.* at ¶ 3-5 & 7. We agree with and follow our prior decision. R.C. 2711.02(C) provides:

> [A]n order * * * that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

{¶ 14} The trial court denied the motion to stay solely on the ground that Kindred had waived its right to pursue arbitration. The trial court's disposition of the motion for stay fell squarely within the description of a final order pursuant to R.C. 2711.02(C). For the foregoing reasons, appellee's motions to dismiss and for sanctions are denied.

## III. ASSIGNMENT OF ERROR

{¶ 15} Kindred appeals, assigning a single error:

> THE TRIAL COURT ERRED IN DENYING DEFENDANTS'-APPELLANTS' MOTION TO STAY PROCEEDINGS AND COMPEL/ENFORCE THE ADR AGREEMENT.

## IV. ASSIGNMENT OF ERROR—APPELLANTS WAIVED ARBITRATION

{¶ 16} The issue whether appellants have waived any right to arbitration is fact driven and reviewed by an abuse of discretion standard. *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. No. 13AP-579, 2014-Ohio-669, ¶ 17. The phrase "abuse of discretion" implies that the trial court's attitude was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} The right to arbitrate may be waived. *Murtha v. Ravines of McNaughton Condominium Assn.*, 10th Dist. No. 09AP-709, 2010-Ohio-1325, ¶ 20. "A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right." *Dispatch Printing Co. v. Recovery Ltd. Partnership,* 10th Dist. No. 10AP-353, 2011-Ohio-80, ¶ 21, citing *Murtha* at ¶ 21. In *Hunter v. Rhino Shield*, 10th Dist. No. 15AP-172, 2015-Ohio-4603, ¶ 16, we stated:

> In determining whether the totality of the circumstances includes actions inconsistent with the right to arbitrate, a court may consider: (1) whether the party seeking arbitration invoked the court's jurisdiction by filing a complaint or claim without first requesting a stay, (2) the length of the delay, if any, in seeking arbitration, (3) the extent to which the party seeking arbitration has participated in the litigation, and (4) whether the inconsistent acts of the party seeking arbitration prejudiced the party asserting waiver. *Pinnell* at ¶ 18; *Dispatch Printing Co.* at ¶ 21. In short, waiver occurs when a party's active participation in a lawsuit evinces an acquiescence to proceeding in a judicial forum. *Pinnell* at ¶ 18.

{¶ 18} There is no dispute that appellants knew of the existing right to arbitrate. Instead, the disputed issue is whether, under the totality of the circumstances, appellants acted inconsistently with its right to arbitrate. As in *Fravel*, appellants argue that "[b]efore Appellants could file a motion to stay the matter and to enforce the [Agreement], it was necessary for Appellants to conduct the depositions of Appellee, to establish that Appellee had authority to sign the Agreement on behalf of the decedent." (Appellants' Brief, 2-3.)

{¶ 19} Appellants' argument is wholly unpersuasive. Appellants' argument would lead one to believe that appellants only participated in the litigation as a means to compel and/or enforce the arbitration agreement. Our review of the evidence in the record shows otherwise.

{¶ 20} This lawsuit was filed on August 1, 2014. By appellants' own admission, Kindred waited over five months, until January, 2015, before beginning to request appellee's deposition. (Appellants' Brief in Opp. to Pls. Mot., 4.) The arbitration agreement was not presented to the trial court until the August 5, 2015, one year after the action was filed, as an attachment to the motion for stay. Yet, during the year after this lawsuit was filed, in addition to the substantial evidence recited in the trial court's decision, appellant invoked the court's assistance in filing two motions for protective orders, and a successful motion for continuance of the dispositive motions deadline and trial date.

{¶ 21} Our review of the record shows that, based upon the totality of the circumstances, the evidence is overwhelming that Kindred acted inconsistently with its right to arbitrate, and have thus waived arbitration. Therefore, the trial court did not abuse its discretion. Appellants' single assignment of error is overruled.

## V. DISPOSITION

{¶ 22} We overrule appellants' single assignment of error and affirm the trial court's decision denying appellants' motion to stay proceedings. We further deny appellee's motions to dismiss and for sanctions.

*Judgment affirmed; motion to*
*dismiss and for sanctions denied.*

SADLER and LUPER SCHUSTER, JJ., concur.