[Cite as *Goerlitz v. SCCI Hosps. of Am., Inc.*, 2018-Ohio-633.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

JOHN A. GOERLITZ, EXECUTOR
OF THE ESTATE OF JOANNE M.
GOERLITZ, DECEASED, ET AL.,

    PLAINTIFFS-APPELLEES,                   CASE NO. 1-17-43

    v.

SCCI HOSPITALS OF AMERICA, INC., ET AL.,

    DEFENDANTS-APPELLANTS,
    -and-                                   O P I N I O N

ST. RITA'S MEDICAL CENTER, ET AL.,

    DEFENDANTS-APPELLEES.

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CV 2017 0161**

**Judgment Affirmed**

**Date of Decision:    February 20, 2018**

---

APPEARANCES:

    *Paul W. McCartney* **for Appellant**

    *Meghan C. Lewallen* **for Appellee**

**SHAW, J.**

{¶1} Defendants-Appellants, SCCI Hospitals of America, Inc., et al., appeal the September 13, 2017 judgment of the Allen County Court of Common Pleas overruling their "Motion to Stay Proceedings and Compel/Enforce the Alternative Dispute Resolution."

{¶2} On November 29, 2016, Plaintiffs-Appellees, John A. Goerlitz, as Executor of his wife Joanne M. Goerlitz's estate and John A. Goerlitz in his individual capacity, filed a complaint against sixteen (16) different defendants in Cuyahoga County, including the five parties who are Appellants in this case, SCCI Hospitals of America, Inc. dba Kindred Hospital Lima, Kindred Healthcare Operating, Inc., Angela Miller, RN, Constance J. Youngpeter, RN, and Sandra Kirwan, RN.

{¶3} Appellees alleged claims of wrongful death, loss of consortium, and a survival claim for Joanne's pain and suffering prior to her death. The facts alleged in the complaint stated that Joanne was admitted to SCCI Hospitals of America, Inc. dba Kindred Hospital of Lima, on October 6, 2015 following a surgery, and that Appellants were negligent in their treatment of Joanne, which caused her to suffer permanent and substantial injuries, to endure agonal pain and suffering, and to no longer be able to independently perform life sustaining functions, which required intensive medical care and treatment. Joanne died on December 2, 2015. The

complaint asserted that Appellants' negligence was the direct and proximate cause of her death.

{¶4} Appellees also propounded written requests for discovery to Appellants at the time they filed the complaint.

{¶5} On December 27 and 28, 2016, Appellants filed their answers with numerous affirmative defenses stated and specifically asserting as their final and sixteenth defense, that Appellees' claims were subject to a binding arbitration agreement requiring the trial court proceedings to be stayed, as well as asserting that the case had been filed in an improper venue. Appellants attached a copy of the arbitration agreement to their answers.

{¶6} On January 11, 2017, Appellants filed a motion to transfer venue to Allen County, where the alleged conduct of Appellants giving rise to the claims for relief occurred. The Cuyahoga County trial court granted Appellants' motion and transferred the case to Allen County.

{¶7} On August 24, 2017, Appellants filed a Motion to Stay Proceedings and Compel/Enforce the Alternative Dispute Resolution.

{¶8} On September 13, 2017, the trial court overruled Appellants' motion to stay the proceedings and compel arbitration. The trial court distinguished the decedent's survival claim of pain and suffering brought by John as the nominal representative (i.e. executor) of Joanne's estate from the wrongful death and loss of

consortium claims brought by John in his individual capacity, which were personal to him. The trial court relied on *Peters v. Columbus Steel Castings Co.*, in which the Supreme Court of Ohio stated that "[a] decedent cannot bind his or her beneficiaries to arbitrate their wrongful-death claims" to conclude that John's personal claims were not subject to any arbitration agreement. *Id.*, 115 Ohio St. 3d 134, 2007-Ohio-4787, ¶ 19.

**{¶9}** The trial court also found that even if there were at one time an enforceable arbitration agreement, Appellants had waived their right to arbitration by taking actions inconsistent with that right. In reaching its conclusion, the trial court highlighted a portion of Appellants' own arbitration agreement, which provides that the "arbitration shall convene not later than sixty (60) days after the conclusion or termination of mediation." *See* Voluntary Alternative Dispute Resolution Agreement Between Patient and Hospital, ¶ I.(F). The trial court noted that mediation of the case had been unsuccessfully terminated on June 29, 2016 and none of the parties convened arbitration within sixty days of that date.

**{¶10}** Rather, five months later Appellees initiated a lawsuit in Cuyahoga County. The trial court also pointed to the Appellants' decision to invoke the Allen County trial court's jurisdiction by filing a motion to transfer venue, rather than filing a motion for a stay and to compel arbitration when the litigation had commenced in Cuyahoga County. The trial court acknowledged that Appellants

had raised the affirmative defense of arbitration in their answers filed in the Cuyahoga County case on December 27 and 28, 2016. However, the trial court found it significant that Appellants had nevertheless waited nearly eight months after filing their answers, and nearly a year after the sixty-day timeline to convene arbitration had expired before attempting to convene arbitration by filing a motion for a stay and to compel arbitration on August 24, 2017.

{¶11} Appellants subsequently filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT ERRED IN DENYING DEFENDANT'S-APPELLANT'S [SIC] MOTION TO STAY PROCEEDINGS AND COMPEL/ENFORCE ALTERNATIVE DISPUTE RESOLUTION AGREEMENT.**

{¶12} In their sole assignment of error, Appellants challenge the trial court's decision to overrule their motion to stay the proceedings and compel arbitration. As previously discussed, the trial court overruled the motion on the grounds that John's personal claims of wrongful death and loss of consortium were not subject to arbitration and that Appellants waived the right to arbitration as to the remaining claim by acting inconsistent with that right. We note that despite Appellants devoting the majority of their brief to the contention that the underlying arbitration agreement in this case was valid due to John's actual and/or apparent authority to consent to arbitration when he signed the agreement on his wife's behalf, the trial court did not address the issue of authorization or other matters affecting

enforceability of the arbitration agreement because it found the issue of waiver to be dispositive.

{¶13} We further note that Appellants appear to concede that the wrongful death claim and loss of consortium claims are not subject to the arbitration agreement. *See* Appellants' Reply Brief, at 3, citing *Peters,* 115 Ohio St. 3d 134, 2007-Ohio-4787 at ¶ 2. Therefore, the only issue before us is whether the trial court erred in concluding that Appellants waived their right to arbitration of the survival claim asserted by Joanne's estate.

*Standard of Review*

{¶14} The issue of whether Appellants have waived any right to arbitration is fact driven and reviewed by an abuse of discretion standard. *Glass v. Kindred Transitional Care & Rehab*, 10th Dist. Franklin No. 15AP-940, 2016-Ohio 3188, ¶ 16, citing *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. No. 13AP-579, 2014-Ohio-669, ¶ 17; *see also Hunter v. Rhino Shield*, 10th Franklin Dist. No. 15AP-172, 2015-Ohio-4603, ¶ 17 ("The standard under which an appellate court reviews an order granting or denying a stay pending arbitration depends on the nature of the issues involved."). Appellate courts apply this standard because resolution of the waiver issue requires a fact-intensive analysis. *Pinnell* at ¶ 17; The term "abuse of discretion" connotes that the trial court's attitude was arbitrary,

unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).[1]

**{¶15}** "A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right." *U.S. Bank Natl. Assn. v. Allen*, 3d Dist. Paulding No. 11-15-09, 2016-Ohio-2766, ¶ 13, citing *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. Franklin No. 10AP-353, 2011-Ohio-80, ¶ 21. In determining whether the totality of the circumstances includes actions inconsistent with the right to arbitrate, a court may consider: (1) whether the party seeking arbitration invoked the court's jurisdiction by filing a complaint or claim without first requesting a stay, (2) the length of the delay, if any, in seeking arbitration, (3) the extent to which the party seeking arbitration has participated in the litigation, and (4) whether prior inconsistent acts by the party seeking arbitration would prejudice the party asserting waiver. *Dispatch Printing Co.,* 2011-Ohio-80 at ¶ 21.

**{¶16}** In the case at bar, the parties do not dispute that Appellants knew of their right to arbitrate. The trial court, therefore, focused its attention on whether

---

[1] We note that Appellants contend on appeal that the correct standard of review in this instance is *de novo*. The question whether the arbitration agreement is valid or enforceable is a matter of law for *de novo* review. *See Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 37. However, because we concur with the trial court's conclusion that the issue of waiver is dispositive in this case, we do not reach the *de novo* review of the agreement itself, but rather presume *arguendo* its validity as to the survival claim.

Appellants acted inconsistently with their known right. The trial court answered that question affirmatively because Appellants: (1) failed to abide by its own terms set forth in the Arbitration Agreement, which required that "[t]he Arbitration shall convene not later than sixty (60) days after the conclusion or termination of mediation," which the record indicates occurred on June 29, 2016,[2] (2) invoked the trial court's jurisdiction by filing a motion to transfer venue, despite referencing arbitration in its answer and without first requesting a stay of the litigation, and (3) waited nearly eight months before filing the motion for a stay after they filed their answer and successfully transferred the case to Allen County.

{¶17} It is our conclusion that considering the totality of the circumstances in this particular case, the trial court's decision with regard to Appellants' right to arbitrate is not unreasonable, arbitrary, or unconscionable. Thus, in addition to the reasons articulated by the trial court in its judgment entry, we also find it compelling that there are eleven other defendants in the case whom the record suggests have continued to work towards a resolution on the same claims based upon the same facts asserted against Appellants through the judicial proceedings with Appellees in Allen County. In sum, the record indicates that enforcement of the arbitration agreement, assuming it to be valid, would engender contemporaneous proceedings

---

[2] Arbitration Agreement, at ¶ F

in two different forums not only with respect to the non-arbitrable claims, but also with respect to the multiple parties involved in the case.

{¶18} Based on the forgoing, we conclude that the trial court acted within its discretion in denying the stay pending arbitration based upon waiver, and we refuse to substitute our judgment for that of the trial court. Accordingly, the assignment of error is overruled and the trial court's judgment is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and PRESTON, J.J., concur.**

**/jlr**